P. Maxwell *v.* S. H. Kennedy & Co

Plaintiff offered in evidence, " the drafts and protests filed with the petition." No objection was made to the introduction of these documents. *Held:* That the introduction of the documents, *without objection, was itself sufficient proof of the endorsements of the drafts sued on.*

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J. *Durant & Hornor,* for plaintiff. *Wolfe & Singleton,* for defendants and appellants.

Lea, J. In this case the defendants are sued as acceptors upon two bills of exchange, drawn by *Rhodes, Pegram & Co.,* to their own order, and endorsed by them. The defendants pleaded the general issue. On the trial of the case, the plaintiff offered in evidence, " the drafts and protests filed with the petition." No objection was made to the introduction of these documents, and judgment was accordingly rendered in favor of the plaintiffs for the amount claimed in the petition. It is urged, on behalf of the defendants, that the endorsements of the payee should have been proved. We think that the introduction of the documents sued on, without objection, was itself sufficient proof of the endorsements.

We are not prepared to say that the case is one in which damages as for a frivolous appeal, should be allowed.

It is ordered, that the judgment appealed from be affirmed with costs.

---

Same Case on a Re-hearing.

When parties are present, or presumed to be present, at the trial of a cause, and written instruments are offered and received in evidence without objection, the signatures of all persons properly parties to such instruments, are considered as admitted. This well settled rule of evidence applies to bills and notes as well as to other instruments.

MERRICK, C. J. (Spofford, J. dissenting.) On the motion for a re-hearing in this case, we take occasion to say, that we consider the signatures of the drawers, acceptors and endorsers of bills of exchange, and of the makers and endorsers of promissory notes, to form a part of such instruments.

We know of no good reason why these instruments, (bills of exchange and promissory notes,) should remain longer an exception to the well settled and convenient rule, that where parties are present, or presumed to be present, at the trial of a cause, and written instruments are offered and received in evidence, without objection, the signatures of all persons properly parties to such instruments, are considered as admitted. See *Tyler* v. *Marcelin & Depas,* 8 An. 312.

As the defendants did not choose to put the plaintiff upon the proof of the endorsements in the lower court, we think they should not be permitted here, on an objection so purely technical, to obtain a reversal of the judgment of that court.

Re-hearing refused.